### McLEANS, ex'rs of WALGROVE, v. MACDONALD.

A devise over is not good as a contingent remainder, when limited on a prior estate in fee simple, absolute.

It is not good as an executory devise, where it could be destroyed, or prevented by an alteration of the estate, out of, or after, which it would arise.

Parties entitled to receive the rents and profits of land, have such a subsisting interest in the premises claimed, and a right to recover the same or the possession thereof, as to be able to maintain ejectment under our statutes.

THIS was a special verdict in an action of ejectment, which found that Samuel Walgrove, by his last will, devised to his

50—vol. 2

wife Hester, all his real estate to be at her entire disposal, but, should any part thereof remain unsold at the time of her decease, he gave the same to his children, to be equally divided among them.    Hester died, not having disposed of that real estate, a portion of which was conveyed, after her death, to the defendant, by the children of Samuel Walgrove, who claimed to take under the devise, over.    Hester made a will, devising her estate to the plaintiffs, as trustees, to convert the same into money, and to invest the same on bond and mortgage, and to collect and receive the income and profits thereof, and to apply the same, during two lives named, to the use of certain of her children.

*Edmonds, J.:* The devise to Hester Walgrove, giving to her the absolute disposal of the property devised, gave to her the fee.

The limitation over, after her death, was not good as a contingent remainder, because such a remainder cannot be limited on a prior estate, in fee simple absolute.  (*Pell* v. *Brown*, Cro. Jac. 590; *Preston* v. *Fennell*, Willis, 164; 1 Sanford Ch. R. 276.)

It was not good as an executory devise, because it could be prevented or destroyed by an alteration of the estate, out of, or after, which it would arise. (Cruise's Dig. Tit. Devise, Ch. 17, § 13 ; *Jackson* v. *Bull*, 10 J. R. 19; *Jackson* v. *Robbins*, 10 J. R. 537.)

The limitation over, therefore, was void, and Mrs. Walgrove took an absolute estate in fee simple, which she could devise, or which would descend to her heirs.

This is the well settled law of the land, and we are not at liberty to depart from it, however much we may regret its manifest destruction of the intention of the testator.

The rule, that an executory devise cannot be prevented from taking effect by any alteration whatever on the estate after which it is limited, is an inflexible one, and was adopted in order to prevent perpetuities by means of such devises. The rule still continues, though the reason for it has ceased

with us, inasmuch as our statutes have sufficiently guarded against perpetuities; and inasmuch as the rule can hardly ever be applied without defeating the intention of the testator, it is to be regretted that the rule has not passed away with the occasion for it. That, however, is solely within the province of the legislature. It is the business of the courts to administer the law as they find it. In this case, we find it very well settled that this limitation over is void.

The next point to consider is, the objection that, under our statute, the plaintiffs are not seized of, such an estate as to authorize them to bring the action of ejectment. No person can recover in ejectment, unless he has, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same or the possession thereof. (2 R. S. 303, § 3.)

It is claimed that the devise to the plaintiffs vests no estate in them, under § 56, 1 R. S. 729. But the answer is, that they are empowered to receive the rents and profits, and therefore that section does not apply to them. Their trust is a valid one under section 55 of that statute, for it is one to receive the rents and profits of lands, and apply them to the use of any person, during the life of such person, and under section 60, such a trust vests the whole estate in the plaintiffs, in law and equity, subject only to the execution of the trust.

The plaintiffs, therefore, are entitled to judgment on this verdict.